50 F.3d 16
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Linda ROMERO; John Romero; Robley C. Brown; Reba Arleene
Brown, Plaintiffs-Appellants,
v.
NATIONAL GENERAL INSURANCE COMPANY, Defendant-Appellee.
 No. 93-55816.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 8, 1994.*
Decided March 20, 1995.
 
 Before: FARRIS, POOLE and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The policy provides liability coverage either for certain listed "covered autos" or for "covered persons." The station wagon was not a "covered auto" at the time of the accident, but Brown was a "covered person." "Covered person" coverage extends to damages for which "any covered person becomes legally responsible," "for the ... maintenance ... of any auto."
 
 
 3
 The policy excludes coverage for the use of any private passenger auto that both (1) is not a "covered auto" and (2) is "owned by or furnished or available for the regular use of [the insured] or any family member." At the time of the accident, the auto was not listed as a "covered auto." There is no evidence, however, that it was owned by or regularly available for use by Brown or his family. NGIC argues there is no coverage because the car had once been owned by Brown. But the policy excludes non-covered autos that are "owned" by the insured, not those "formerly owned."
 
 
 4
 Apart from this inapplicable exclusion, there is no indication in the policy that "any auto" means anything but that. Brown was found liable for the maintenance of a car that falls into the category "any auto," and the plain language of the policy can only be read to provide coverage. Cf. State Farm Mut. Auto. Ins. Co. v. Longden, 242 Cal.Rptr. 726 (Cal.Ct.App.1987) (insured denied coverage because the policy provided coverage for accidents arising from the maintenance of only "your car ").
 
 
 5
 The grant of summary judgment is REVERSED. The case is REMANDED for entry of a partial judgment for plaintiffs on the issue of coverage, and for trial on the remaining issues. 28 U.S.C. Sec. 2106.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3